JULIA SMITH GIBBONS,
Dissenting.
In my view, we should reverse the grant of summary judgment enforcing the arbitration provision. I agree with ASC that its “Remedies” provision conflicts with Bosch’s arbitration provision. The most natural meaning of the “rights and remedies” language is that “right” includes a right to judicial resolution of disputes, which encompasses a right to jury trial. The word “remedies” similarly connotes an ability to seek typical contract remedies such as damages, rescission, and specific performance that are available in a court proceeding. I have located no authority guiding us in our interpretation of these provisions. The majority relies only on Kvaerner ASA v. Bank of Tokyo-Mitsubishi Ltd., 210 F.3d 262, 266 (4th Cir.2000), which involved substantially different contract provisions and factual circumstances. The operative “rights and remedies” language in Kvaemer was located in a Guaranty Agreement that referred to an earlier Construction Agreement containing an explicit arbitration clause. The Guaranty Agreement stated: “Upon receipt of notice of default, [Kvaerner and Jones] shall have the same rights and remedies of [the joint venture] under the [Construction] Agreement. ...” Id. at 265 (alterations in original) (emphasis omitted). This language is not a broad reservation of rights as contained in ASC’s purchase order but is rather a narrow provision reserving to Kvaerner and Jones the same rights as the joint venture had “under the Construction Agreement” — rights that included arbitration. As a result, Kvaemer is not directly applicable to this case.
In the end, my disagreement with the majority simply amounts to differing understandings of the meaning to be derived from the language of the “rights and remedies” portion of the agreement. I would conclude that the “rights and remedies” provision conflicts with the arbitration provision and is specific enough to have given notice to Bosch that ASC did not agree to the arbitration clause. Consequently, I would apply the “knock out” rule and find the two provisions mutually unenforceable.